The People of Puerto Rico, Plaintiff and Appellee, *v.*
Jacinto López Dávila, Defendant and Appellant.

No. 5656. Argued November 20, 1935.—Decided December 24, 1935.

*A. Lastra Chárriez, J. Casablanca,* and *G. Jiménez Sicardó* for
appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer,
Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

 In the District Court of San Juan, during the progress of a prosecution for murder, the defendant Jacinto López moved for a change of venue. The motion set up, among other things, that the deceased, Eugenio Santaella, belonged to a family of great influence in San Juan; that the members of the said family were doing everything in their power to affect the community against the defendant; that one or more members of the family had specifically tried to influence talesmen in the case as well as other citizens; that the life of the defendant was in danger, emphasized by the fact that various members of the Santaella family had permits to carry firearms; that Luis Santaella had formed part of one of the panels doing service in the court and that he had influenced or tried to influence other talesmen in the case. With an objection equivalent to a demurrer, the district attorney attacked the suficiency of the motion and the court sustained the objection. The theory of the court was that, taking all the facts as admitted, the defendant had not shown sufficient grounds for a change of venue.

On appeal from a judgment of conviction, the appellant sustains that the court was bound, under the statute, to hear proof. This is answered by the fact that the court positively said that it was assuming the facts of the motion to be true.

The appellant did not seek to amend the motion and the district judge said at the time that he would give the defendant another opportunity to renew his motion when the talesmen were examined on their *voir dire.*

The court seemed to be relying on a similar practice that had been followed in California and the appellant lays some stress on the fact that the statutes of the two jurisdictions differ from each other. Looking at the jurisprudence of California we find that its courts, without reference to the statute, discretionally in cases like the present, give

defendants the opportunity to move afresh for a change of venue if in the examination of talesmen evidence to support such a motion should arise. The District Court of San Juan was not following the statute of California, but was exercising the same kind of discretion that was put into effect there.

We are of the opinion that the court was right in deciding that the motion was insufficient. The possibility of obtaining a fair and impartial trial in the jurisdiction of San Juan was by no means excluded.·

█ The defendant next attacked the panel as formed. In essence, the attack, as we conceive it, was based upon the ground that a certain person, designed to be summoned as a talesman, was not actually summoned.

The appellant indeed complained that the marshal had made no return of the actual citation of the talesmen. The record actually shows that the talesmen who made up the panel from which the jury was eventually drawn, were all duly summoned, with the one exception mentioned, and the failure to make a return, if error, was harmless.

██ Coming then to the omission to summon a particular person, the jurisprudence is sufficiently clear that unless such omission was intentional a challenge to the panel should not prevail. This is perfectly consistent with our statute which reads as follows:

"Section 212.—A challenge to the panel can be founded only on a material departure from the forms prescribed in respect to the drawing and return of the jury or on the intentional omission to summon one or more of the jurors drawn." Sec. 212 of the Code of Criminal Procedure.

Likewise we have held, and other courts have held, that the formation of a panel is very largely in the discretion of the trial court. *People* v. *Lanausse*, 30 P.R.R. 679; *People* v. *Vázquez*, 20 P.R.R. 338; *People* v. *Pillot*, 20 P.R.R. 353; *People* v. *Juliá*, 25 P.R.R. 238.

We find no possible abuse in this case. Furthermore, if the omission was not intentional the principle would apply that the defendant did not exhaust his peremptory challenges. Of course, if the omission had been intentional the objection would have been available without reference to challenges.

 As usual, when the case was called for trial there were jurymen ready to sit at a trial. In murder cases, however, the court is aware that the jurymen may not be sufficient and ordinarily takes steps to summon talesmen. Our statute provides that the summoning should be done by an officer of the court, but the marshal who usually acts is authorized to use agents for this purpose and even to use telegrams as was done in the case before us. *People* v. *Lanausse, supra.* Again, the final constitution of the panel is in a large degree within the discretion of the court as shown by one of the cases already cited in this opinion.

The appellant assigns two other errors. In his original brief he did not discuss them and his motion to be allowed to file an additional brief was denied by this court. Nevertheless, the prosecuting attorney (*Fiscal*) discusses these assignments of error and sufficiently meets them.

The judgment appealed from should be affirmed.